## In re HYDRATECH UTILITIES, INC., Debtors.

### No. 9:07–bk–08397–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 12, 2008.

Alberto F. Gomez, Jr., Morse & Gomez, PA, Tampa, FL, for Debtors.

Robert E. Tardif, Jr., Naples, FL, Trustee.

### ORDER GRANTING MOTION TO DISMISS CASE AS BAD FAITH FILING (Doc. No. 32)

ALEXANDER L. PASKAY, Bankruptcy Judge.

It is unusual that a corporation seeks relief under Chapter 7 of the Bankruptcy Code since corporations no longer receive a discharge, and any assets it had in the past are soon long gone. It is even more unusual that a Chapter 7 case is attacked by a creditor who seeks a dismissal on the grounds that the Petition was filed in bad faith. This is precisely the situation in the matter before this Court. Terry M. Keathley (T. Keathley) filed his Motion to Dismiss seeking to dismiss the above-captioned Chapter 7 case filed by Hydratech Utilities, Inc., (the Debtor). T. Keathley alleges that the Voluntary Petition for Relief was filed in bad faith and, therefore, it should be dismissed.

This case is the next chapter in a series of judicial battles resembling the Hatfield–McCoy family feud between the members of the Keathley family, their friends, affiliates and related entities going back as far as 2001. The battles have been fought in several forums, including the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida; the United States District Court for the Southern District of Florida; the Bankruptcy Court for the Southern District of Florida; the Cir-

cuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida; and now the parties have removed this matter to the United States Bankruptcy Court Middle District of Florida, Fort Myers Division.

### FACTS PRECEDING THE COMMENCEMENT OF THIS CASE

Hydratech Utilities, Inc., a Florida corporation, originally had three equal shareholders, T. Keathley, his father Harold Keathley (H. Keathley), and Gerald Bobo, brother-in-law and son-in-law of T. Keathley and H. Keathley, respectively. Gerald Bobo (Bobo) is deceased and his wife, Susan Bobo (Mrs. Bobo), is the personal representative of his estate which holds his stock. Bobo and the Keathleys, other than T. Keathley, will be referred to collectively as the Keathley Group.

In 1993, H. Keathley, as grantor and settlor, transferred his Hydratech stock to the Keathley/Hydratech Irrevocable Trust (the Trust) of which Philip Keathley and Kerry Keathley (K. Keathley) are Trustees.

T. Keathley, in his capacity as an officer and director of Hydratech and with the consent and approval of Hydratech's other officers and directors, negotiated a Water and Wastewater Utility System Asset Transfer Agreement (Asset Transfer Agreement) with the town of Jupiter Island, Florida. Pursuant to the Asset Transfer Agreement, Hydratech agreed to sell substantially all of its assets for the purchase price of $21,500,000.00, plus future payments of up to $3,000,000.00. That sale closed September 2, 1998. Shortly after the sale was consummated, the Keathley Group ousted T. Keathley as an officer and director, and K. Keathley was named Hydratech President. Thereafter, the Keathley Group intentionally excluded T. Keathley from all corporate information, opportunities and decision making.

Based on the foregoing, on July 5, 2001, T. Keathley, individually and derivatively for Hydratech, instituted litigation in the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, Case No. 01–558–CA (Martin County Suit). T. Keathley filed the Sixth Amended Verified Complaint individually and for the benefit of Hydratech Utilities, Inc. T. Keathley alleged seven Counts:

Count I—breach of fiduciary duty;

Count II—shareholder's derivative action for breach of fiduciary duty;

Count III—shareholder's derivative action for conversion;

Count IV—breach of contract;

Count V—civil conspiracy;

Count VI—shareholder's derivative action for accounting;

Count VII—shareholder's derivative action for constructive trust.

T. Keathley demanded a trial by jury of all issues filed.

In due course, the Defendants named in the lawsuit filed Second Consolidated and Amended Counterclaims and Cross–Claims against Joseph P. Hayden, Jr. a/k/a J.P. Hayden, Jr. as Intervenor/Plaintiff and Terry M. Keathley as a Defendant. Philip M. Keathley also filed a claim against Terry Keathley and Joseph P. Hayden, Jr., named as Counterdefendants and Cross-defendants. In the Second Consolidated and Amended Counterclaims and Cross-claims, Philip M. Keathley alleged twelve counts:

Count I—breach of fiduciary duty to Hydratech;

Count II—breach of fiduciary duty to Hydratech shareholders;

Count III—fraudulent or negligent misrepresentation;

Count IV—conversion;

Count V—breach of contract;

Count VI—declaratory judgment;

Count VII—breach of fiduciary duty against Terry Keathley;

Count VIII—civil conspiracy and fraud;

Count IX—giving rights to abuse of process;

Count X—aiding and abetting breach of fiduciary duty;

Count XI—accounting;

Count XII—breach of fiduciary duty and conversion and unjust enrichment.

Since the commencement of the case, there have been multiple amendments to the pleadings and numerous hearings concerning discovery disputes. Be that as it may, according to the transcript of the Martin County Suit, the claim against Hydratech was resolved in favor of Hydratech, and therefore, any claims against it should be dismissed.

The Martin County Circuit Court entered its Order on Plaintiff's Motion for Appointment of a Receiver on December 27, 2001. The Order denied the Motion for Appointment of Receiver but approved the Hydratech Utilities, Inc., Plan of Liquidation and Dissolution of the Corporation (Liquidation Plan) drafted by the Keathley Group. Pursuant to the Liquidation Plan, the shareholders agreed to marshal Hydratech's assets and pay its outstanding debts.

### POST–PETITION EVENTS

Just before scheduled litigation in the Martin County Suit, K. Keathley, on behalf of Hydratech, filed the Hydratech Chapter 7 Petition on September 13, 2007. Almost immediately thereafter, he removed the Martin County Suit to the United States District Court for the Southern District of Florida. The matter was transferred to the Bankruptcy Court, and after notice and a hearing, Judge Paul Hyman issued his Order Granting Mandatory Abstention, whereby the Martin County Suit was remanded to the state court.

After six years of litigation in the Martin County Suit, on July 19, 2007, T. Keathley, individually and derivatively for Hydratech, instituted an action in the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida (the Charlotte County Action). The Charlotte County Action challenged certain transfers made by the Keathley Group and others as fraudulent transfers made to avoid the judgment that ultimately will be rendered against them in the Martin County Suit.

K. Keathley also filed a Notice of Removal of the Charlotte County Action to the United States District Court for the Middle District of Florida. On October 22, 2007, the district court transferred the Charlotte County Action to this Court as an adversary proceeding, Adv. Pro. No. 9:07–ap–460–ALP. T. Keathley's Motion to Abstain and Remand that Proceeding is currently pending before this Court.

Hydratech's Schedules filed in this Chapter 7 case indicate that the Debtor's only assets are $525,142.21 in a money market account and alleged causes of action pending in the Martin County Suit against T. Keathley including a counterclaim. The Schedule of unsecured debt, Schedule E, lists no unsecured priority claims. Schedule F lists the creditors of the Keathley Group plus claims for unpaid attorney and accounting fees. Just before the expiration of the time for filing proof of claims, T. Keathley filed his proof of claim in the amount of $831,544.77, $500,000.00 as a secured claim and the remaining balance of $331,544.77 as an unsecured claim. The Debtor's Statement

of Financial Affairs reflects no income from operations. The only income is interest from the money market account. Hydratech has no employees, and it has done no business since late 2001. No secured or priority creditors exist, and the only non-insider unsecured creditor who filed a Proof of Claim is the law firm of Johnson & Johnson (J & J) in the amount of $2,497.40. All the other claims are those of insiders who seek indemnification and reimbursement for their state court attorneys' fees. As noted earlier, Judge Hyman remanded the Martin County Suit, which includes the reciprocal fee claims on both sides. Accordingly, these attorney's fees claims will be liquidated in the Martin County Suit. With consent of the Martin County Suit parties, the court has made available sufficient sums from the $525,142.21 money market account to pay the non-insider, unsecured creditors. The Martin County Court now has control over Hydratech's $525,142.21 money market account, and given the remand, it will resolve the primary disputes among the Keathleys. After more than six years of litigation, the Martin County Court is well-equipped to resolve the issues among the Keathleys.

All that remains for the Hydratech estate to resolve and liquidate is for the Martin County Suit and the Charlotte County Action to be concluded.

### LEGAL ANALYSIS AND CONCLUSION

 It has been generally accepted that good faith is a jurisdictional prerequisite for filing for relief under Chapter 7. *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.)*, 849 F.2d 1393, 1394 (11th Cir.1988). Is a Chapter 7 case appropriate for dismissal if a court finds that the petition was not filed in good faith, or conversely in bad faith, and is cause proper basis for dismissal in

this instance? In order to determine the good faith of the Chapter 7 debtor, the court should consider prime policy aims of the Chapter. The ultimate goal of Chapter 7 is to provide an honest debtor with a fresh start in exchange for debtor's handing over to the trustee all of a debtor's assets for liquidation for the benefit of the debtor's creditors. *Marrama v. Citizens Bank of Mass.*, —— U.S. ——, ——, 127 S.Ct. 1105, 1116, 166 L.Ed.2d 956 (2007) ("... the Bankruptcy Code is intended to give a 'fresh start' to the 'honest but unfortunate debtor.'" (quoting *Grogan v. Garner*, 498 U.S. 279, 286, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991))); *In re Huckfeldt*, 39 F.3d 829 (8th Cir.1994); *In re Bilzerian*, 276 B.R. 285 (M.D.Fla.2002). While these requirements could be construed jointly with respect the individual debtor, they obviously could not be in the case of the corporate debtor because corporations do not receive discharge. Thus, the ordinary distribution of assets to creditors is the prime and only aim to consider as noted in the case of *In re American Telecom Corp.*, 304 B.R. 867 (Bankr.N.D.Ill. 2004), *aff'd, American Telecom Corp. v. Siemens Information and Comm. Network, Inc.*, 2005 WL 5705113 (N.D.Ill. 2005). Like Hydratech, *American Telecom Corp.* (ATC) was involved in a two party dispute, conducted no operations for years and had no assets except for a cause of action against Siemens. Other than insiders, ATC's only creditor was its law firm. In *ATC*, the court noted:

> Corporate Chapter 7 cases, unlike almost any other type of bankruptcy case, have very limited purposes. They do not implicate the fresh-start considerations underlying nearly every other type of bankruptcy case, including individual Chapter 7 cases, and they do not demand the reorganization analysis that a Chapter 11 or 13 case would demand. *See In re Ripley & Hill, P.A.*, 176 B.R.

596, 598 (Bankr.M.D.Fla.1994). The only policy implicated is the fair and orderly liquidation of corporate assets to creditors and a no-asset Chapter 7, of course, does not implicate this policy. *Id.* at 869–70.

The situation is akin to a state court receivership imposed by a court of competent jurisdiction before the commencement of the bankruptcy case. Pursuant to 11 U.S.C. § 543(d)(2), courts shall excuse compliance with all of the turnover provisions if the custodian is an assignee for the benefit of a debtor's creditors that was appointed or took possession more than 120 days before the date of filing the Petition, unless compliance with such subsection is necessary to prevent fraud or injustice. While it is true that the proceeding in Martin County is not technically a receivership, the court's role is similar to a receivership. The court has jurisdiction over the liquidation and distribution of remaining proceeds and will make an allowance for fees of the attorneys involved over the years in this prolonged litigation.

As noted earlier, provision for an orderly liquidation and dissolution already is in place in the Martin County Suit in the Liquidation Plan entered by Circuit Judge Ben Bryan on December 27, 2001. Pursuant to the Liquidation Plan, third party (outside) creditors are to be paid immediately after the shareholders approve their claim.

Currently, J & J is the only outside creditor, and the claim is for a small amount. The claims bar deadline has expired, and the only other creditors who have filed claims are insiders T. Keathley and the Keathley Group.

This Bankruptcy case prejudices third party creditors because they must wait to be paid until after the Trustee concludes the ongoing litigation. However, in the Martin County Suit they can be paid now.

Furthermore, unless the insider claims are subordinated, the third party creditors' claims will be diluted because they will receive only a pro rata share of Hydra-tech's assets, and the insiders' claims are many times larger than those of the outside creditors. The Martin County Circuit Court is best suited to determine the merits and amounts of those insider claims because, for the most part, the litigation on which those claims are predicated occurred in that Court, not in the Bankruptcy Court.

Balancing the benefit and harm to the creditors and the Debtor, this Court is satisfied that the case should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss Case as Bad Faith Filing (Doc. No. 32) filed by T. Keathley be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Chapter 7 case be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that the adversary proceeding, Case No. 9:07–ap–00460–ALP be, and the same is hereby, remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.